**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Caremark, LLC, et al., | No. CV-22-02127-PHX-GMS |
| Petitioners, | **ORDER** |
| v. | |
| USRC Pharmacy, LLC, | |
| Respondent. | |

Pending before the Court is Petitioner Caremark, LLC ("Caremark")'s Motion to Seal This Case (Doc. 1). For the following reasons, the motion is granted in part and denied in part.

## BACKGROUND

This motion arises from a commercial arbitration between Caremark and USRC Pharmacy, LLC ("USRC"). The arbiter ultimately entered an award in Caremark's favor. That award is attached to Caremark's Application to Confirm Arbitration Award (Doc. 2). Caremark seeks to file the award under seal pursuant to the parties' arbitration agreement. It also seeks to seal the entire case because filings will contain "trade secrets and other confidential information" like "discussions of the metrics and statistical methodologies Caremark uses to assess pharmacy performance," which is "not publicly available and that took Caremark a tremendous amount of time and effort to develop." (Doc. 1 at 3.)

**DISCUSSION**

Courts review all motions to seal with a "strong presumption in favor of [public] access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). However, sources of business information should be sealed when its' publication would harm a party's competitive standing. Fed. R. Civ. P. 26(c)(1)(G); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). But parties' mere allegations that disclosure would harm their competitive standing are insufficient to justify sealing court records. *Kamakana*, 447 F.3d at 1179). Instead, movants must offer compelling reasons that show disclosure would harm their competitive standing, for example, by alleging that the underlying documents contain trade secrets. *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978); *see also TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, 2011 WL 4947343, at *2 (D. Ariz. Oct. 18, 2011).

The parties' Provider Manual, which governed the terms of their relationship, states that "neither a party nor an arbitrator(s) may disclose the existence, content, or results of any dispute or arbitration hereunder without the prior written consent of both parties." (Doc. 1 at 3.) In light of the "liberal federal policy favoring arbitration," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983), and the Federal Arbitration Act's requirement that courts "enforce covered arbitration agreements according to their terms," *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1412 (2019), Caremark's motion to seal will be granted in part.

However, the motion will be denied to the extent that it seeks to seal the entire case because Caremark has failed to allege trade secrets, methodologies, or other metrics with sufficient particularity. In Arizona, the existence of a trade secret "is a mixed question of law and fact" that requires a movant to prove that the (1) underlying information is not generally known or ascertainable and (2) retains economic value because it is unknown to others, and (3) the owner has taken steps to maintain its secrecy. *Physics, Materials, & Applied Mathematics Research LLC v. Yeak*, WL 2557398, at *5 (D. Ariz. 2021) (citing *Calisi v. Unified Financial Services, LLC*, 302 P.3d 628 (Ariz. Ct. App. 2013)). And the

definition of a trade secret is expansive under Arizona law. *Phoenix v. Ehmke*, 197 Ariz. 144, 149 (Ct. App. 1999). Still, the owner of a trade secret must identify the secret with sufficient particularity, especially where the matter is highly complex. *Ctr. for Auto Safety v. Goodyear Tire & Rubber Co.*, 247 Ariz. 567, 570 (Ct. App. 2019); *see also InteliClear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653, 658 (9th Cir. 2020) (citing *Imax Corp. v. Cinema Technologies, Inc.*, 152 F.3d 1161, 1167 (9th Cir. 1998)).

Caremark has not pointed to any specific trade secrets or other economically valuable information that merits sealing the entire case. Instead, it cites only non-binding authority and makes broad statements that later filings might implicate information that would be properly sealed. Further, the only in-district case Caremark cites to support its motion, *Republic of Kazakhstan v. Lawler*, No. MC-19-00035-PHX-DWL, 2019 WL 6971667, at *1 (D. Ariz. Dec. 19, 2019), involved a much narrower request to seal than the one at issue here. In *Lawler*, Judge Lanza granted motions to seal documents that "complied with LRCiv 5.6(b)'s procedural requirement of 'set[ting] forth a clear statement of the facts and legal authority justifying the filing of the document under seal,'" and many filings in *Lawler* were not completely sealed. *Id.* at *2. ("The redactions relate to arguments made before the tribunal, findings of the tribunal, actions taken (or not taken) by the tribunal. In some cases, the redactions are so minor that they do not interfere with public understanding."). Thus, *Lawler* does not provide compelling grounds to seal this case. Instead, the weight of authority in this district has rejected Caremark's arguments on similar motions for essentially the same reasons cited above. *See, e.g., Caremark LLC v. AIDS Healthcare Found.*, No. CV-21-01913-PHX-DJH, 2022 WL 4267791, at *13 (D. Ariz. Sept. 15, 2022) (finding Caremark had not satisfied the *Kamakana* burden on an application to confirm an arbitration award and rejecting its request to seal the entire case); *Senderra Rx Partners, LLC v. CVS Health Corp.*, No. 2:19–cv–05816–SPL (D. Ariz.) (same); *Mission Wellness Pharmacy LLC v. Caremark LLC*, No. CV-22-00967-PHX-GMS, 2022 WL 17039205, at *5 (D. Ariz. Nov. 17, 2022) (same); *Mission Wellness Pharmacy v. Caremark New Jersey Specialty Pharmacy LLC*, No. CV-22-00331-PHX-

DJH, 2022 WL 657399, at *2 (D. Ariz. Mar. 4, 2022) (same but on a petition enforcing an arbiter's hearing subpoena).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Caremark's Motion to Seal This Case (Doc. 1) is **GRANTED in part** and **DENIED in part**.

    1.    The Motion is granted as to the Application to Confirm Arbitration Award (Doc. 2).

    2.    It is denied as to all other respects.

**IT IS FURTHER ORDERED** that Caremark shall file on the public docket its Application to Confirm Arbitration Award with exhibits, excluding Exhibits 1, 2, and 3.

**IT IS FURTHER ORDERED** that Caremark shall file under seal Exhibits 1, 2, and 3 to its Application to Confirm Arbitration Award.

**IT IS FURTHER ORDERED** directing the Clerk of Court to unseal this case except as to the sealed documents mentioned above. Hereafter, the case will proceed unsealed subject to the Court's approval of the parties' future motions to seal.

Dated this 17th day of April, 2023.

_____
G. Murray Snow
Chief United States District Judge