**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Caremark LLC, et al., | No. CV-22-02127-PHX-GMS |
| Petitioners, | **ORDER** |
| v. | |
| USRC Pharmacy, LLC, | |
| Respondent. | |

Pending before the Court is Petitioners Caremark, L.L.C. and CaremarkPCS, L.L.C.'s ("Caremark") Application to Confirm Arbitration Award (Doc. 20-1). For the following reasons, the Petitioners' Application is granted.

**BACKGROUND**

This case arises from a commercial arbitration dispute between Caremark and Respondent USRC Pharmacy, L.L.C. ("USRC"). (Doc. 20-1 at 3–4.) Respondent filed an arbitration demand against Petitioners on October 28, 2019. (*Id.* at 3.) On June 25, 2021, the Arbitrator granted Petitioners' motion to dismiss Count Three of Respondent's claims with prejudice ("Interim Ruling"). (Doc. 20-1 at 3; Doc. 21-1 at 3–4.) "On November 15, 2021, the Arbitrator issued an interim award in which he ruled in favor of Petitioners [] on five claims and ruled in favor of Respondent on one claim" ("Interim Award"). (Doc. 20-1 at 3–4; Doc. 21-2 at 20–21.) On January 8, 2022, the Arbitrator issued a final award granting Petitioners $349,360.38 in attorney's fees and expenses ("Final Award"). (Doc.

20-1 at 4; Doc. 21-3 at 25–26.) Respondent paid the Final Award in full to Petitioners twenty days later. (Doc. 10 at 3.)

On December 16, 2022, Petitioners filed under seal its Application to Confirm Arbitration Award pursuant to section 9 of the Federal Arbitration Act (the "Act" or "FAA"), 9 U.S.C. § 9, for an order confirming the Interim Ruling, Interim Award, and Final Award. (Doc. 2 at 2.) In accordance with the Court's Order (Doc. 17), Petitioners' refiled its Application to Confirm Arbitration Award (Doc. 20-1) on the public docket.

## DISCUSSION

Respondent opposes Petitioners' Application to Confirm Arbitration Award for four reasons (1) subject matter jurisdiction, (2) waiver, (3) timeliness, and (4) compliance. (Doc. 10.) Petitioners maintain that the Application complies with § 9 of the Act. (Doc. 14.) The facts, evidence, and arguments of the Petitioners and Respondent are very similar to the parties' case in *Caremark LLC v. Senderra Rx Partners LLC*, No. CV-22-02129-PHX-DJH, 2023 WL 4182161 (D. Ariz. June 26, 2023). This Court addresses each argument below and takes note that a similar dispute was resolved in the District of Arizona.

### I. Subject Matter Jurisdiction

#### A. Legal Standard

Where the parties agreed that a court may enter judgment upon the arbitration award, § 9 of the FAA provides that a court must grant an application to confirm an arbitration award filed "any time within one year after the award is made . . . unless the award is vacated, modified, or corrected . . . ." 9 U.S.C. § 9. The Act, however, does not "confer subject matter jurisdiction on a federal district court." *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 969 (9th Cir. 1981). Consequently, a party requesting an award confirmation must establish jurisdiction under 28 U.S.C. § 1331 (federal question) or § 1332 (diversity).

#### B. Analysis

Contrary to Respondent's argument, (Doc. 10 at 5, 7), "[b]ecause FAA motions

result in summary proceedings, and summary proceedings lack certain formalities such as pleadings, the pleading standards set forth in Rule 12 of the Federal Rules of Civil Procedure are inapplicable to FAA motions." *PG Publ'g, Inc. v. Newspaper Guild of Pittsburgh*, 19 F.4th 308, 313 (3d Cir. 2021).  Here, Petitioners are limited liability companies whose sole members are other limited liability companies. (Doc. 20-1 at 2–3.) Caremark, L.L.C.'s sole member is Caremark Rx, L.L.C.; Caremark Rx's sole member is CVS Pharmacy; and CVS Pharmacy is incorporated in Rhode Island with a principal place of business in Rhode Island. (*Id.* at 2.)  Likewise, CaremarkPCS, L.L.C., shares the same sole members and business structure. (*Id.* at 2–3.)  Respondent USRC Pharmacy, L.L.C., members are U.S. Renal Care, Inc. and Rx Partners, Inc. or Rx Partners, L.L.C. (*Id.* at 3.) U.S. Renal Care is incorporated in Delaware with a principal place of business in Texas. (*Id.*)  Rx Partners, Inc., is incorporated in Tennessee with a principal place of business in Tennessee. (*Id.*)  Rx Partners, L.L.C.'s sole member is a citizen of Tennessee. (*Id.*)

"Like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Petitioners are citizens of Rhode Island, which Respondent is not. (Doc. 20-1 at 2–5.)  Moreover, the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a)(1); (*Id.* at 4–5); (Doc. 14 at 4).  Here, the underlying arbitrary dispute concerned nearly seven million dollars, (Doc. 14 at 4), and the final award surpassed three hundred thousand dollars, (Doc. 21-3 at 26).  "For purposes of diversity jurisdiction, the amount in controversy is the amount at stake in the underlying arbitration dispute, and not the amount of the arbitration award." *Prudential Equity Grp., Inc. v. Rowland*, No. CV07-00801-PHX-EHC, 2008 WL 824001, at *1 (D. Ariz. Mar. 25, 2008); *accord Theis Rsch., Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005) ("[T]he amount at stake in the underlying litigation, not the amount of the arbitration award, is the amount in controversy for purposes of diversity jurisdiction . . . ."); *Am. Guar. Co. v. Caldwell*, 72 F.2d 209, 211 (9th Cir. 1934) ("It is the amount in controversy which determines jurisdiction, not the amount of the award.").  Therefore, Petitioners have sufficiently established diversity jurisdiction,

and the Court has subject matter jurisdiction over the instant case. *See Caremark LLC v. Senderra Rx Partners LLC*, 2023 WL 4182161, at *2 (reaching the same conclusion and rejecting "[r]espondent's argument that because the Award has been paid, the amount in controversy is zero").

**II. Waiver**

    **A. Legal Standard**

Under Arizona law "[w]aiver is either the express, voluntary, intentional relinquishment of a known right or such conduct as warrants an inference of such an intentional relinquishment." *Am. Cont'l Life Ins. Co. v. Ranier Constr. Co.*, 125 Ariz. 53, 55, 607 P.2d 372, 374 (1980). "To determine if a contractual provision super[s]eded all prior contracts[,] courts may look to whether the structure of the parties['] agreements indicate the parties intended for the provision to have a retroactive effect." *Cummins-Allison Corp. v. SBM Co.*, No. CV 12-00207 HG KSC, 2013 WL 12198835, at *12 (D. Haw. Jan. 28, 2013). If not, "one agreement governs one set of conduct, and another agreement governs another set of conduct, even if those disputes are between the same parties." *Hopkinton Drug, Inc. v. CaremarkPCS, L.L.C.*, 77 F. Supp. 3d 237, 243–44 (D. Mass. 2015), *overruled on other grounds by Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524 (2019).

    **B. Analysis**

Petitioners' 2022 Provider Manual took effect on January 1, 2022, and provides:

**1. General Information**
This Provider Manual supersedes and replaces all previous versions of the Provider Manual.

**15.09 Arbitration**
Any and all disputes between Provider and Caremark . . . will be exclusively settled by arbitration. This arbitration provision applies to any dispute arising from events that occurred before, on, or after the effective date of this Provider Manual.

**15.09.06 Waiver of Right to Confirm Award Upon Payment**
If a final award is rendered awarding a party monetary damages, the party

against whom the final award was rendered shall have thirty (30) days to pay the monetary award. . . .  If the monetary relief in the final award is paid within this thirty (30) day period, the party in whose favor the monetary award was rendered shall have no right to seek confirmation of the final award under the Federal Arbitration Act, 9 U.S.C. § 9, nor under any applicable state arbitration Law.

(Doc. 10 at 7, 18–20) (emphasis in original).

Another court in the District of Arizona recently interpreted the same provisions. The court held that: "Based on the broad arbitration provision in the 2022 Provider Manual, the Court cannot conclude Petitioners intentionally relinquished their rights under the 2018 Provider Manual, particularly when those rights governed the prior arbitration proceedings." *Caremark LLC v. Senderra Rx Partners LLC*, 2023 WL 4182161, at *3. This Court reaches the same conclusion.

Contrary to Respondent's assertion, Petitioners have not waived the right to seek confirmation of the Final Award. (*See* Doc. 10 at 5.)  The 2018 Provider Manual governs the underlying disputes between the parties. (Doc. 21-3 at 3.)  Indeed, the Arbitrator was selected "pursuant to the arbitration agreement contained within the 2018 CVS Caremark Provider Manual."  Moreover, sections 1, 15.09, and 15.09.06 do not show an intentional relinquishment of Petitioners' right to confirm the Final Award, which resulted from a Demand for Arbitration filed in October 2019.  (Doc. 21-3 at 3; Doc. 10 at 5, 7, 18-20.)

Thus, the 2018 Provider Manual governs this matter, and Petitioners have not waived the right to seek confirmation of the arbitration award.

**III.  Timeliness and Ripeness of the Application to Confirm Arbitration Award**

   **A.  Legal Standard**

"[A]t any time within one year after [an] award is made[,] any party to the arbitration may apply to the court . . . for an order confirming the award . . . ."  9 U.S.C. § 9.  "An arbitration award is ripe for judicial confirmation by the district court only when it is the final determination of the arbitrator.  Tentative or interim awards should not be confirmed." *Venetian Casino Resort, L.L.C. v. Lehrer McGovern Bovis, Inc.*, 92 F. App'x 402, 403 (9th

Cir. 2004). A partial award is final, however, "(and thus ripe for a petition to confirm) if it finally disposes of a separate, independent claim." *Emps.' Surplus Lines Ins. Co. v. Glob. Reinsurance Corp.-U.S. Branch*, No. 07 CIV. 2521 (HB), 2008 WL 337317, at *6 (S.D.N.Y. Feb. 6, 2008); *accord Kerr Mc-Gee Refin. Corp. v. M/T Triumph*, 924 F.2d 467, 471 (2d Cir.1991). Therefore, "the arbitration award may be confirmed when that portion is finally and completely decided." *Venetian Casino Resort, L.L.C.*, 92 F. App'x at 403.

### B. Analysis

Here, the Arbitrator issued the Interim Ruling on June 25, 2021, (Doc. 20-1 at 3; Doc. 21-1 at 3–4), Interim Award on November 15, 2021, (Doc. 20-1 at 3–4; Doc. 21-2 at 20–21), and Final Award on January 8, 2022, (Doc. 20-1 at 4; Doc. 21-3 at 25–26). On December 16, 2022, Petitioners filed its Application to Confirm Arbitration Award pursuant to § 9 of the FAA for an order confirming the Interim Ruling, Interim Award, and Final Award. (Doc. 2 at 2; *see also* Doc. 20 at 2.) The parties do not dispute that Petitioners' application was filed more than a year after the Interim Ruling and Interim Award. (Doc. 10 at 9–11; Doc. 14 at 10.) Nevertheless, Petitioners assert that the application is not time barred because the Final Award, "issued in January 2022, encompasses both the [Interim R]uling and the [I]nterim [A]ward." (Doc. 14 at 9.)

The Interim Award here states that the Arbitrator "will incorporate this Interim Report in its entirely [*sic*] into the final award . . . ." (Doc. 21-2 at 21.) The Final Award then acknowledges the Interim Award throughout the decision. (Doc. 21-3 at 2, 4, 21.) Additionally, the Final Award, rules "in favor of [Caremark] on Counts One, Two, and Six (not needing to rule on Count Three, which [was] previously dismissed . . . [in the Interim Ruling]"). (*Id.*) Both interim decisions were "finally and completely decided" in the Final Award. *See Venetian Casino Resort, L.L.C.*, 92 F. App'x at 403. Thus, Petitioners are not time barred from seeking confirmation because the Interim Ruling and Interim Award were incorporated in the Final Award, which was issued on January 8, 2022 (less than one year before the Application was filed).

### IV. Satisfaction of the Final Award

Respondent argues that Petitioners' "Application should be denied because Respondent has fully satisfied the Final Award." (Doc. 10 at 11.) "The mere fact that [Respondent] has satisfied . . . its obligation under the arbitration award does not divest the court of authority to confirm . . . the award—*satisfaction and confirmation are separate issues*." *Collins v. D.R. Horton, Inc.*, 361 F. Supp. 2d 1085, 1093 (D. Ariz. 2005), aff'd, 505 F.3d 874 (9th Cir. 2007) (emphasis added); *accord Dist. Council No. 9 v. APC Painting, Inc.*, 272 F. Supp. 2d 229, 239 (S.D.N.Y. 2003) ("But whether these awards have been satisfied . . . has no bearing on whether the arbitration awards should be confirmed."). Moreover, the Court is bound by the plain language of the FAA, which mandates confirmation of an award "unless the award is vacated, modified, or corrected." 9 U.S.C. § 9.

Therefore, Respondent's satisfaction of the Final Award is irrelevant.

### CONCLUSION

Having determined that the Court has jurisdiction to confirm the arbitration award and that the requirements of 9 U.S.C. § 9 are met, the Court grants Petitioners' request to confirm the Interim Ruling, Interim Award, and Final Award.

Accordingly,

**IT IS ORDERED** that Petitioners' Application to Confirm Arbitration Award (Doc. 20-1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter a judgment in favor of Petitioners confirming the Interim Ruling (Doc. 21-1), Interim Award (Doc. 21-2), and Final Award (Doc. 21-3).

Dated this 22nd day of November, 2023.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge